# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3882 | **DATE** | 6/16/2003 |
| **CASE TITLE** | NANCY MESSINA vs. SIGMATRON INTERNATIONAL, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Defendant's motion (20-1) for summary judgment is granted/denied in part. Enter summary judgment in favor of defendant with respect to plaintiff's sexual harassment claim only.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 21 |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 03 JUN 16 PM 6:23 U.S. DISTRICT COURT | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NANCY MESSINA,

    Plaintiff,

v.

SIGMATRON INTERNATIONAL, INC.,

    Defendant.

No. 01 C 3882
Judge James B. Zagel

**MEMORANDUM OPINION AND ORDER**

DOCKETED
JUN 1 7 2003

### Introduction

This is a sexual harassment and gender discrimination suit arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et. seq.*, and the Equal Pay Act, 29 U.S.C. §216(b). Specifically, plaintiff, Nancy Messina, alleges that for four years, she was subjected to continuous and pervasive sexual harassment and discrimination based on her gender by supervisors and coworkers of defendant Sigmatron International, Inc. ("Sigmatron"). Sigmatron now moves pursuant to Fed. R. Civ. P. 56(c) for summary judgment with respect to all counts.

### Legal Standard

Summary judgment is appropriate if, evaluating the admissible evidence in the light most favorable to Messina, there is no genuine issue of material fact and Sigmatron is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Unless otherwise indicated, I accept Messina's version and characterization of events.

### Count I

Count I of Messina's complaint, sexual harassment, is based solely on the conduct of one of Sigmatron's employees, Dave Colbert, a coworker who held a managerial position but never had direct supervisory authority over Messina. Messina alleges that during the last four years at the



company she was repeatedly propositioned for sex and groped by Colbert. Sigmatron is liable for coworker harassment if it is negligent either in discovering or remedying the harassment. *Hall v. Bodine Electric Co.*, 276 F.3d 345, 356 (7th Cir. 2002). An employer's legal duty in coworker harassment cases will be discharged if it takes reasonable steps to discover and rectify acts of sexual harassment by its employees. Although there is dispute as to whether Messina was aware prior to her departure that the company had an anti-harassment policy, the evidence indicates knowledge of a duty to inform her supervisors of such types of allegations. Additionally, Messina admits that she was aware that a female coworker had reported similar allegations regarding Colbert to a human resources supervisor, which leads me to believe that Messina had knowledge of such avenue for recourse.

The Seventh Circuit has not required employers to institute formal anti-harassment policies in order to avoid liability under Title VII. *Id.* Instead, it has focused on whether an employer has a reasonable mechanism in place for detecting and correcting sexual harassment. *Id.* Even if an employer has a mechanism to detect and correct sexual harassment, the employee must have taken advantage of it in order to succeed in her claim. *Shaw v. AutoZone, Inc.*, 180 F.3d 806, 813 (7th Cir. 1999). Sigmatron argues that Messina failed to take advantage of any mechanism. In response, Messina points to her deposition in which she stated that she repeatedly informed Supervisor, Todd Maberry, and Plant Manager, Vincent Ottaviano, of the harassment. However, in her response to Sigmatron's Interrogatory No. 9, which asked Messina if she had ever complained to anyone at Sigmatron of Colbert's alleged harassment, Messina stated that "[n]o complaint was made as others had complained about Colbert and nothing was done." Messina offers no evidence to support the allegation that "nothing was done," and her subjective belief that prior complaints were ignored alone does not discharge her of the duty to take advantage of any mechanism used by Sigmatron to address sexual harassment. Summary judgment should not be denied if a plaintiff has

2

"directly contradicted her own earlier statements, without explaining the contradiction or attempting to resolve the disparity." *Babrocky v. Jewel Food Co.*, 773 F.2d 857 (7th Cir. 1985). Messina has not offered any explanation of this contradiction. One purpose of summary judgment is to weed out unnecessary trials only if the truth can be ascertained among unfounded claims and defenses, and hence, Messina should not be allowed to create issues of material fact by contradicting her own testimony. For this reason, I am granting summary judgment as to this claim.

## Counts II and III

Counts II and III of the complaint are, respectively, a claim of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, and an Equal Pay Act violation claim. Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff can establish a prima facie case of sex discrimination under Title VII by showing that she: 1) belongs to the statutorily-protected class of women employees; 2) performed her job satisfactorily; 3) suffered an adverse employment action; and 4) was treated less favorably than similarly-situated male employees. *Hughes v. Brown*, 20 F.3d 745 (7th Cir. 1994). The parties do not dispute that Messina belongs to a statutorily-protected class and that she performed her work satisfactorily. Messina's only allegation of an adverse employment action based on sex is her claim that Sigmatron paid different wages between men and women, and this is disputed by Sigmatron.

To establish a violation of the Equal Pay Act, Messina must prove that Sigmatron paid different wages to employees of opposite sexes "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *See Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). Messina identifies two similarly situated employees to her own position: Eleazar Camacho and Leonard Pettito. It is unclear in the record if these men are truly "similarly situated" to Messina with regard to their working conditions because Camacho performed repairs on machinery, a task which Messina could

3

not do, and Pettito held a different supervisory position, on a different shift, than Messina. Although Sigmatron invites this Court to make a factual determination as to the comparability of the working conditions of all of these employees, questions of fact regarding comparative pay and qualifications should be resolved by the jury. *See EEOC v. Madison Community Unit School Dist. No. 12*, 818 F.2d 577, 580-83 (7th Cir.1987). Because a question of fact exists as to the determination of a violation of the Equal Pay Act and, in turn, a claim of gender discrimination, I am denying summary judgment as to Counts II and III of the complaint.

## Constructive Discharge

Finally, Messina alleges that she was constructively discharged. To state a claim for constructive discharge, Messina must show that she was forced to resign because her working conditions were unbearable such that she was subjected to a discriminatory working environment. *EEOC v. University of Chicago Hospitals*, 276 F.3d 326, 331 (7th Cir. 2002). Working conditions for constructive discharge must be even more egregious than the high standard for hostile work environment. *Tutman v. WBBM-TV/CBS*, 209 F.3d 1044, 1050 (7th Cir. 2000). When examining a hostile work environment claim, the court must consider both an objective element and a subjective element. *Gentry v. Export Packaging Co.*, 238 F.3d 842, 850 (7th Cir. 2001).

Taking the plaintiff's allegations as true, as I must for the purpose of this motion, Messina clearly perceived her work environment as hostile, which meets the subjective element. To meet the objective element of the test, the hostile work environment must be judged "from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 807 (7th Cir. 2000). Because of the number of alleged incidents, the frequency with which they occurred, and the length of time within which they occurred, a jury could find that the conduct alleged is sufficiently pervasive to constitute a hostile working environment which may arise to the level needed to conclude that Messina was justified in

her claim of constructive discharge. Therefore, I am denying summary judgment with respect to this claim.

Summary judgment is GRANTED with respect to plaintiff's sexual harassment claim and DENIED with respect to plaintiff's claim of gender discrimination, violation of the Equal Pay Act, and constructive discharge.

ENTER:

James B. Zagel
United States District Judge

DATE: JUN 1 6 2003